IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMES TEAL    PLAINTIFF | CASE No: 3:19-cv-2454-MGL-PJG |
| V. | AMENDED |
| STATE OF SOUTH CAROLINA | VIOLATION OF 6TH AMENDMENT |
| S.C DEP'T OF TRANSPORTATION | NEGLIGENCE |
| S.C DEP'T OF PUBLIC SAFETY | |
| | JURY TRIAL DEMANDED BY TRIER OF FACTS |

COMES NOW, PLAINTIFF JAMES TEAL, COMPLAINING OF THE DEFENDANTS ABOVE NAMED AND WILL SHOW UNTO THE COURT RESPECTFULLY THE ENSUING.

1. PLAINTIFF IS A SOUTH CAROLINA RESIDENT.

2. DEFENDANTS ARE THE STATE OF SOUTH CAROLINA AND STATE DEP'TS OF SOUTH CAROLINA. DOING BUSINESS IN KERSHAW COUNTY, SOUTH CAROLINA. SERVED VIA, THE SOUTH CAROLINA ATTORNEY GENERAL, ALAN WILSON, 1000 ASSEMBLY STREET, COLUMBIA SOUTH CAROLINA.

3. SUBJECT MATTER JURISDICTION. 2ND PARTY DEFENDANT, IN KERSHAW COUNTY, MAGISTRATE COURT. DID DENY A REQUESTED JURY TRIAL BY PLAINTIFF. VIOLATING PLAINTIFFS LEGAL RIGHTS GUARANTEED BY THE BILL OF RIGHTS AND THE 6TH AMENDMENT. THERE WAS NOT A PRE-TRIAL HEARING AS NOTED ON COURT DOCUMENT.

4. ON SEPTEMBER 11-2014, APPROX. TIME 9:00A.M, WITH PLAINTIFF TRAVELING WEST ON WHITE POND RD., ELGIN S.C, LOCATED IN KERSHAW COUNTY. PLAINTIFF DID ENCOUNTER A WORK ZONE, NOT SET IN PLACE FOR SAFETY, AS REQUIRED BY LAW OR THE MANUAL FOR UNIFORM TRAFFIC CONTROL DEVICES. (MUTCD)

5. PLAINTIFF DID IMPACT WITH A WORK VEHICLE, THAT WAS PARKED ILLEGALLY. WORK VEHICLE WAS ON THE SHOULDER OF THE ROAD WITH LEFT REAR CORNER OF BUMPER, PROJECTED OUT INTO PLAINTIFFS LANE. DIRECTLY CAUSING THE IMPACT.

6. As a Direct Cause of the above mentioned accident, Plaintiff did suffer Great Bodily Injury and Property Loss. Continuous Physical Pain, Mental and Emotional Duress, with Undue Suffering.

## FOR A 1st CAUSE FOR ACTION, NEGLIGENCE WITH DENIAL OF THE 6TH AMENDMENT TO THE CONSTITUTION

1. 2nd Party Defendant, with Negligence, Did know or should have known, that a Denial of Plaintiffs request for Trial by Jury, would be Negligence of Duty and a Breach of Duty to Care. With Negligence, Defendant Did Violate Plaintiffs Constitutional Right, the Bill of Rights, Plaintiffs Sovereignty and Statutes of Law. Exhibit 1-Court Document of Requst for Trial.

2. Defendant with Negligence, Did know or should have known, by not Honoring Plaintiffs request for Trial by Jury, Defendant would be in Violation of the State of South Carolinas Statute S.C Code Title 14-25-125. With the States Guarantee of Trial.

3. Defendant with Negligence, Did know or should have known that with 4th Party Defendant initiating the Charge against Plaintiff and the Officer removed from Law Enforcement. The Defendant Did know or should have known, that with Removal of 4th Defendants Officer, was reasonable Cause for a Trial by Jury. To Scrutinize, the Truth of this Matter.

4. Defendant with Negligence, Did know or should have known that Plaintiff with Limited Legal Education, Could and would be at a Disadvantage. Defendant Did know or should have known, Plaintiff would have to Defend this Matter, against 3rd and 4th Defendants.

5. Defendant with Negligence, Did know or should have known, by not Honoring Plaintiffs Right to Trial, for Plaintiff, to Absolve the Charge of Wrong-doer placed against Plaintiff, would Deprive Plaintiff of Fundimental Fairness and Deprive Plaintiff of Legal Rights.

## FOR A 2ND CAUSE FOR ACTION
## NEGLIGENCE OF 3RD PARTY

1. 3RD PARTY DEFENDANT WAS THE ENITY THAT DID APPROVE,BY WRITTEN APPROVAL,THE PLACEMENT AND TO MAINTAINING OF UNIFORM TRAFFIC CONTROL DEVICES IN SAID WORK ZONE. DEFENDANT WITH NEGLIGENCE,DID KNOW OR SHOULD HAVE KNOWN,THAT TRAVELERS HAD TO BE GUIDED BY UNIFORM TRAFFIC CONTROL DEVICES. TO ASSURE SAFETY IN "WORK ZONES!" STATUTE,TITLE 56-5-930.

2. DEFENDANT WITH NEGLIGENCE,DID NOT INSPECT FOR THE PROPER PLACEMENT OF APPROVED TRAFFIC CONTROL DEVICES. DEFENDANT WITH NEGLIGENCE DID NOT MAINTAIN,SAID WORK ZONE AND FAILED WITH DEFENDANTS MISSION TO SERVE THE TRANSIT SYSTEM. DEFENDANT BY NEGLIGENCE DID CREATE THIS ACCIDENT AND SAID INJURIES TO THE PLAINTIFF. DEFENDANT WITH NEGLIGENCE,DID NOT DEMONSTRATE A DUTY OF CARE,A DUTY TO ACT AND A DUTY TO INVESTIGATE WORK ZONE HAZORDS,FOR A PROPER EVALUATION. DEFENDANT DID KNOW OR SHOULD HAVE KNOWN,THAT DEFENDANT WOULD BE HELD LIABLE,HAVING NO REGARD TO FAULT OR NEGLIGENCE. VIDEOS REQUESTED THROUGH FOIA,DID DOCUMENT AND PROCESS THE SCENE OF NEGLIGENCE AND THE WORK CREWS STATEMENT. EXHIBIT 2-VIDEO THROUGH FOIA.

3. DEFENDANT WITH NEGLIGENCE,KNEW OR SHOULD HAVE KNOWN,THAT PAINTING OF WHITE SHOULDER LANE TO ELIMINATE EVIDENCE OF SKID MARK ON SAID LANE WOULD BE ABSOLUTE NEGLIGENCE. DEFENDANT DID WITH NEGLIGENCE,WITHOUT A REQUIRED WORK ORDER,PAINTED THE WHITE SHOULDER LANE. RELAVANT WITNESS,PHOTOS AND FOIA REQUEST WITH REPLY. EXHIBIT 3.

## FOR A 3RD CAUSE FOR ACTION
## NEGLIGENCE OF 4TH PARTY

1. 4TH PARTY DEFENDANT,DID WITH NEGLIGENCE,ARRIVED LATE TO SAFEGUARD A WORK ZONE,FOR SCHEDULED HEAVY TRANSPORTS. DEFENDANT

Knew or Should have Known, that cable lines were to be dropped across both lanes to be Stopped. Defendant with Negligence, Did with Time of Arrival. Did Fail with Duty of Care and Defendants Mission to Serve and Proect, for the Public Safety. Defendants Negligence, with not protecting Travelers and not Implementing Corrective Measures, 4th Defendant was a Direct Party, Joining with the Negligence of the 3rd Party Defendant. The Culmination of Negligence of Both Defendants, Did Cause this Great Injury to Plaintiff. Relevant Witness, Exhibit 4. Court Reporter Documents.

2. Defendant with Negligence, Did Fail in Defendants Mission to Protect and Serve. With Negligence Defendant Did not Investigate, with the Following Acts of Negligence. Defendant Failed to gather Truthful Information from Involved Partys, Failed to Establish Facts, Failed to Establish Essential Contributing Facts and Failed to find Root Causes. Defendant was Negligent with Care and should have Known, that a Request for FOIA Videos, can Establish the Aforesaid Statement of Facts.

3. Defendant Did, with Negligence and without Care, or the Facts of Occurrence, Did Charge Plaintiff at Fault, Without Probable Cause. Defendant Knew or Should have Known "Work Zone" Statutes of Law, Addressing "Work Zone Hazords," 56-5-950-(B).

4. Defendant Did with Negligence, listed the Work vehicle as Legally Parked, with Inside Dually tire place on White Shoulder Lane. Defendant Knew or Should have Known for the Care of the Public Safety. Statutes of Law Addressing "Obstruction of Traffic. Statute 56-5-2530(1)(A). Relevant Witness, Exhibit 5. Document of Fault Determination by LEGAL RESEARCH BY LEXIS NEXIS, Expert Witness of Video and Photos of Accident Scene.

5. Defendant Did with Negligence to Charge Plaintiff, Did Fail to Determine the Positions of Both Vehicles at Impact. Defendant Did Negligently Fabricate the Accident Scene, placing Plaintiff Traveling on the White Shoulder Lane at Impact, with the Work Vehicle Legally Parked on the White Shoulder Lane. Defendant Knew or Should have Known, Defendants Action Would

START A LIABILITY QUESTION WITH BOTH INSURANCE CARRIERS, RELEVANT WITNESS, EXHIBIT 6. PHOTOS OF IMPACT POINT OF PLAINTIFFS VEHICLE, WITH A HORIZONTAL MEASURE TO POINT OF PROJECTED BUMPER FROM SKID MARK. PLAINTIFF, A RETIRED CONSTRUCTION CONTRACTOR, CERTIFIES THE PLACEMENT OF BOTH VEHICLES AT IMPACT. DEFENDANT DID WITH NEGLIGENCE FABRICATED THE ACCIDENT SCENE. PLAINTIFFS OCCURRENCE OF ACCIDENT, AS ON THE SCENE WITNESS.

6. PLAINTIFF ON 3 SEPARATE OCCASIONS, DID REQUEST OF DEFENDANTS FOIA DEP'T, TO SEND PLAINTIFF, DEFENDANTS VIDEO, THAT WAS ON SCENE AND PARKED DIRECTLY IN FRONT OF THE WORK VEHICLE. 3 REQUESTS, 3 VIDEOS SENT, NO VIDEO OF THE ONE REQUESTED. THE REQUESED VIDEO WOULD SHOW IT ALL. OFF THE ROAD PARKING, PROJECTED BUMPER, NO ALERT LIGHTS, NO CONES OUT AND THE WORK BUCKET UP. THE WORK CREW LYING. PLAINTIFF NOT RELYING ON FOIA, SENT A REGISTERED LETTER TO THE EXECUTIVE DIRECTOR ASKING HIS DEP'T TO PROVIDE THE REQUESTED 1 VIDEO, PRESERVED FOR THE COURT. TO DATE NO REPLY. RELEVANT WITNESS, EXHIBIT 7, LETTERS OF REQUEST TO FOIA AND REGISTERED LETTER TO THE EXECUTIVE DIRECTOR.

7. DEFENDANTS NEGLIGENCE AND FOIA HAD THE PLAINTIFF PLEADING TO HIS INSURANCE CARRIER TO INVESTIGATE THIS ACCIDENT AND TO GET THE TRUTH OF THE MATTER OR FACE LITIGATION FOR FAILURE TO PROTECT PLAINTIFF. PLAINTIFF HAD ALREADY FILED LITIGATION AGAINST THE EDWARDS TELECOMMUNICATION CO. WITH 1 VIDEO OF HELP, PHOTOS OF ACCIDENT SCENE, SKID MARK PHOTO AND THE WORK CREW MIXING UP THEIR STORIES. PLAINTIFF DID FILE LITIGATION AGAINST PLAINTIFFS INSURANCE CARRIER. BOTH INSURANCE CARRIERS SETTLED WITH PLAINTIFF BY WAY OF REALIZATION OF THE AFORESAID MATTER. RELEVANT WITNESS, EXHIBIT 8. DOCUMENTS OF SETTLEMENTS AND PLAINTIFFS INSURANCE CARRIER DOCUMENTS OF INVESTIGATION.

8. DEFENDANTS ACTS OF NEGLIGENCE, DID IMPACT A GREAT BODILY INJURY TO PLAINTIFFS LEFT KNEE. CREATING A LOSS OF MOTION WITH CONTINUOUS PAIN. PLAINTIFF HAS A DIAGNOSIS TO HAVE A TOTAL KNEE REPLACEMENT. RELEVANT WITNESS, EXHIBIT 9. MEDICAL DOCUMENTS AND PHOTOS OF INJURY.

PLAINTIFF HAS BEEN DISABLED SINCE 2010 FOR SUFFERING A 25 FT. FALL, RESULTING IN A SPINAL BURST. WITH THE AFORESAID WORK ZONE HAZORD CRIPPLING PLAINTIFF. DAILY LIVING AT TIMES SEEMS UNBEARABLE FOR PLAINTIFF. PLAINTIFFS DISABILITIES ARE CONTINUOUS AND DOES CREATE A DIFFICULT LIFE STYLE, WHICH HINDERS FULL AND EFFECTIVE PARTICIPATION FOR PLAINTIFF AND DEFENDING PLAINTIFFS LITIGATION. PLAINTIFF HAS FURTHER SUFFERED WITH PROPERTY LOSS WITH THE 2000 MERCURY SABLE(BABY). LOST WAGES DUE TO HIGH INSURANCE COSTS. CONTINUOUS PHYSICAL PAIN. MENTAL AND EMOTIONAL DURESS, WITH UNDO SUFFERING, WITH ALL LEADING TO MANIC DEPRESSION OF PLAINTIFF. PLAINTIFF HAS BEEN DEFENDING THIS CASE AND AS A VICTEM OF NEGLIGENCE BEEN PLACED IN LIMBO, WHERE THE INNOCENT WAIT FOR TRIAL. NEGLIGENT ACTIONS OF UNCARING AGAINST THE PLAINTIFF, PLAINTIFF IS ASKING FOR RELIEF FROM THE 3 DEFENDANTS, FOR ALL DAMAGES SUFFERED BY PLAINTIFF, IN THE AMOUNT OF $900,000.00. PLUS ALL SUCH OTHER DAMAGES, FOUND TO BE FAIR AND REASONABLE, AS TO BE DETERMINED BY THIS COURT.

RESPECTFULLY SUBMITTED

*James Teal*

JAMES TEAL    PLAINTIFF
P.O Box 1253
ELGIN, S.C 29045
(803) 457-5820

P.6